UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANCELOT GORDON, | : |
| Plaintiff, | : |
| v. | : |
| | : CASE NO. 3:06CV1433(RNC) |
| THE HOUSING AUTHORITY OF HARTFORD, ET AL., | : |
| Defendants. | : |

ORDER

Pending before the court are the City of Hartford's Motion to Quash Subpoena (doc. #83) and Motion for a Protective Order (doc. #85). The City seeks an order preventing the plaintiff from deposing Mayor Eddie Perez ("Perez").

## A. Factual Background

The plaintiff is the former Executive Director of defendant Housing Authority of Hartford ("HHA"). Defendants Courtney Anderson, Angel Arce, and Yolanda Castillo are members of HHA's Board of Commissioners. The plaintiff alleges that, after his appointment, he learned of various improper practices within HHA regarding bidding proposals for housing projects. He alleges that the individual defendants were involved in those illegal practices.

In August 2006, the plaintiff's employment with HHA was terminated under a cloud of accusations that he had

misappropriated agency funds.[1]  His complaint alleges that in fact he was terminated as retaliation for his efforts at "uncovering and resisting unlawful conduct at the HHA."  (Am. Compl., Count 3, ¶79.)  Plaintiff's claims include breach of contract, wrongful termination, and violation of plaintiff's First Amendment and due process rights.

In October 2007, plaintiff's counsel served the Hartford Town Clerk with a subpoena for the deposition of Mayor Eddie Perez.  The City of Hartford moves to quash that subpoena and for a protective order barring Perez's deposition.

**B.  Legal Standard**

"Depositions of high-level governmental officials are permitted . . . upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his or her governmental duties."  New York v. Oneida Indian Nation, No. 95-CV-0554, 2001 WL 1708804, *3 (N.D.N.Y. Nov. 9, 2001).  "Thus, such a deposition will not be allowed unless the government official has unique personal knowledge."  Friedlander v. Roberts, No. 98 Civ. 1684, 2000 WL 1471566, *2 (S.D.N.Y. Sept. 28, 2000).  "Stated another way, a party may only obtain the

---

[1] The plaintiff's complaint purports to explain why those accusations were unfounded.

deposition of a high level official by showing that official has particularized first-hand knowledge that cannot be obtained from any other source." Oneida Indian Nation, 2001 WL 1708804 at *3. "If the information is available through alternative sources, courts discourage the deposing of high officials." Marisol A. v. Giuliani, No. 95 CIV. 10533, 1998 WL 132810, *3 (S.D.N.Y. Mar. 23, 1998). "If the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency, we would find that the heads of government departments . . . would be spending their time giving depositions and would have no opportunity to perform their functions." Id. (internal citations and quotation marks omitted).

**C. Discussion**

Neither Mayor Perez nor the City of Hartford are defendants in this matter. The plaintiff's complaint mentions Perez twice, but only to indicate that he supported the plaintiff's appointments, first as Deputy Director and then as Executive Director of the HHA. (Am. Compl., ¶¶ 10, 26.) The plaintiff does not contend that Perez was involved in his termination. The City points to Conn. Gen. Stat. § 8-41 as evidence that, although Perez is charged with appointing and removing HHA commissioners, "the power and responsibility to hire and fire employees, such as Mr. Gordon, is vested in the Housing Authority and not the City Mayor." (City's Mem. at 6; Affidavit of Eddie Perez ("Perez

3

Aff.") at ¶¶ 10-11.)[2] The plaintiff does not dispute this. Instead, the plaintiff identifies several other issues about which he seeks to question Perez.

First, plaintiff wants to inquire about the basis for Perez's appointment of the defendants as commissioners of the HHA. Secondly, plaintiff notes that after the plaintiff's termination, Perez sought the resignation of the defendant commissioners, conducted a hearing, and finally removed them from the HHA Board. The plaintiff wants to ask about the basis for Perez's decision to remove the defendants from the HHA Board. In particular, he would inquire about whether plaintiff's allegations of improprieties or his termination played any part in Perez's decisions.

The plaintiff does not make any showing as to the relevance of Perez's reasons for appointing, and later discharging, the defendant board members. Although the standard for relevance is broad, there nonetheless must be some showing that the sought testimony is reasonably calculated to lead to the discovery of admissible evidence as to the specific allegations of the plaintiff's complaint. Even assuming relevance, plaintiff has failed to establish that there is no other source for information regarding those decisions. For example, plaintiff does not

---

[2]Perez's affidavit, submitted with the pending motions, states that he "had no role in the employment of or in the termination of Lancelot Gordon's employment with the Hartford Housing Authority." (Id., ¶13.)

4

indicate whether he has reviewed all publicly available records and/or whether he has exhausted the possibility of learning more via document production or by deposing other individuals with knowledge of those events. Particularly in the absence of any explicit relevance showing, the court is unpersuaded that the deposition of Perez is necessary on these points.

Finally, plaintiff argues that a so-called Memorandum of Understanding ("MOU") existed between the HHA and an entity called the SOC Group. The MOU "essentially guarantees very substantial amounts of work to SOC Group without compliance with HHA and HUD procurement policies and procedures requiring competitive bidding." (Pl's Mem., doc. #90 at 2.) Plaintiff contends that Perez "has been referenced a number of times" with regard to this MOU. (Id.) Specifically, the plaintiff himself has testified that Perez asked him if one project could be awarded to SOC Group pursuant to the MOU. Other witnesses also testified regarding discussions they had with Perez about the MOU. Plaintiff seeks to inquire about Perez's knowledge of and involvement with the MOU and any effort he made to direct work to the SOC Group pursuant to the MOU.

Based on the plaintiff's representations, it is apparent that Perez is not the only source of information regarding the alleged MOU. The plaintiff himself has pointed to several other individuals who have testified regarding the MOU and Perez's

5

involvement.

For all the foregoing reasons, the City of Hartford's Motion to Quash and Motion for Protective Order (docs. #83, 85) are granted. The plaintiff may not depose Perez at this time. If the plaintiff subsequently determines (for example upon completion of other discovery) that the deposition of Perez is necessary and that a sufficient showing can be made under the legal standard set forth above, he may file a motion seeking revocation of this protective order.

SO ORDERED at Hartford, Connecticut this 5th day of December, 2007.

                                /s/
                               Donna F. Martinez
                               United States Magistrate Judge